On the trial of the cause before the late Chief Justice Brearly at Middlesex Nisi Prius — Mr. R. Stockton for the defendant contended that no action would lie upon this instrument in the name of Johnson, and the Chief Justice being ©f that opinion the plaintiff was nonsuited. — -A rule had been taken to show cause why the nonsuit should not be set aside, and at this Term the motion came on to be argued by Frelinghuysen and Kirkpatrick in support of the rule and R. Stockton against it.
For the plaintiff it was contended that the action was well, brought in the name of Johnson, and that in fact no suit could be maintained on these articles by Barbarie and Skinner, the principals for whom he acted. There is an express covenant by Applegate to pay to Johnson the sum of jftAO. in consideration of his selling to defendant, one hundred acres *8 of land as the agent or attorney of Barbarie and Skinner; and is a manifest and total departure from the words and meaning of the covenant, for the defendant now to allege that his contract was not made with Johnson, but with the persons whom, he represented. It is an averment against the deed, which cannot be admitted in any Court of Justice. Green v. Home (a) Bascawin and Hall v. Cook, (b) There is a palpable distinction between a covenant and a grant. Johnson could not convey a title to the defendant for these lands in his own name; but he is nevertheless competent to contract for such sale, and would be personally liable for the damages that might he sustained by the breach of his covenant. In this case it is possible he may be individually answerable for his covenant to convey, as this deed is executed, in case. Barbarie and Skinner refuse to make a deed to defendant. Be that however as it may, here is a clear unambiguous independent covenant on the part of defendant, to pay Johnson so much money in consideration of his sale, and whether plaintiff had any right to sell is of no consequence in this case, and cannot be inquired into. Neither is it material to ascertain whether he has executed this instrument in such a manner as to be binding upon his constituents; for although a deed may be inadequate to convey property, yet it may be so far operative as to sustain an action of covenant; and in this case the action is well brought, nor is there any necessity to aver a performance by plaintiff. Blackwell v. Nash 1 Str. 535. Martindale v. Fisher 1 Wils. 88. French v. Trewin 1 Ld. Raymd. 124.
Stockton contra.
No action can be maintained on this deed in the name of Johnson, he is only nominally a party, the contract is really and in faot between Applegate on the one side, and Barbarie and Skinner on the other. Johnson engages as their Attorney, as their representative; he is himself without interest in the property or money; he cannot of himself make a title, he cannot receive the money, and even a payment to him would *9 i'.ot discharge the defendant from being subsequently called to an account by the real parties to the cor.tract. In all cases of deeds and contracts, the intention of the parties should constit.ua- an important point of inquiry, :>nd in the case before the court, there cannot he a que< don, but that Johnson contracted :>s attorney, and Applegate regarded him in the same capacity; and this not merely in his covenant to convey the land, but in that which was made to him for the money. Frontin v. Small. 2 Ld. Ray. 1418.
Per Curiam. C J.
—The writing in question is drawn with much inaccuracy and carelessness; still however it is evident Johnson covenanted on behalf of Barbarie and Skinner, that the lands should be conveyed to defendant who in like manner engaged to pay the purchase money to Johnson. For any thing that appears to the contrary, the defendant may already on his part have reaped the benefit accruing to him from the contract; be tbls howev er as it may, he cannot now in the face of his express agreement by deed, b© allowed to dispute his liability to pay. As to Johnson’s responsibility, it is clear law that one may covenant for another in his own name, though it be not within his power actually to make a legal conveyance of the property of such other. It is material also, to observe the conclusion of the instrument, which says the 44 parties” have hereunto set their hands: this is additional proof that the covenant vyas made to Johnson.
Rut.e absolute for setting aside the nonsuit, (a)

 1 Salk. 197. pi. 3.

 l Mod. 233. See also 2 Mod. 138. 1 Str. 231.

 Note.- — In the case of Piggott v. Thompson 3 Bos. and Pull. 147. it was held that when A. agreed in writing to pay the vent of certain tolls which he had hired, to the treasurer of the commissioners, that no action for the rent could be maintained in the name of the treasurer. See Appleton -v. Binks. 5 East J48. where It was held that one who covenants for liimscif, his heirs &c. and under his own hand and seal for the act of another, «hall be personally bound by his covenant, though he describe himself in the deed as covenanting for and on the part and behalf of such other person. Meyer v. Barker 6 Binney 223. Buffum v. Chadwick 3 Mass, 103.